No. 5781.

P. IRWIN, TUTOR, VS. CITY OF NEW ORLEANS AND E. WAGGAMAN, SHERIFF.

Several grounds are set up for the injunction in this case, the most important being that there was no legal notice or citation, wherefore the payments for taxes relied on by the defendants were null and void, inasmuch as the publication directed to Richard Murphy, who had been dead for years, was no notice to the minor, Richard James Downey, who acquired the property in question from Richard Murphy as testamentary heir in 1867. The court decided in accordance with these views, but on rehearing reversed its former decision by reason of the law and evidence being in favor of defendants.

A PPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *T. Gilmore & Sons*, for plaintiff and appellant. *Samuel P. Blanc*, Assistant City Attorney, for defendant and appellee.

WYLY, J. P. Irwin, tutor of the minor, Richard James Downey, has

NEW ORLEANS, MAY, 1876. 671

Irwin vs. City of New Orleans and E. Waggaman.

enjoined the defendants from subjecting the property described in the petition, which said minor acquired in 1867 as testamentary heir of Richard Murphy, deceased, to sale in satisfaction of three judgments described in the petition, which the city of New Orleans recovered against Richard Murphy for taxes due the city for the years 1870, 1871, and 1873.

These judgments were obtained by confirming defaults after the usual publication of notice to taxpayers, and the notice was directed to Richard Murphy, although he had been dead for several years.

Several grounds are set up in the petition for the injunction, the most important being there was no legal notice or citation, and the judgments are therefore void. The publication directed to Richard Murphy, who had been dead for years, was no notice to the minor, Richard James Downey, who acquired the property in question from Richard Murphy as testamentary heir in 1867. The judgments were obtained without legal notice or citation, and they are consequently void. City of New Orleans vs. Heirs of Schmidt, 10 An. 771; City of New Orleans vs. Heirs of de St. Romes, just decided.

It is therefore ordered that the judgment herein in favor of defendants be annulled, and it is decreed that the injunction sued out by plaintiff be made perpetual, without prejudice to the city of New Orleans in another proceeding to claim the taxes in question. It is further ordered that appellee pay costs of both courts.

## On Rehearing.

Taliaferro, J. Upon a reconsideration of this case we think the judgment first rendered erroneous. The evidence and the facts of the case we conclude authorize a reversal of our first decree.

By reason of the law and the evidence in this case being in favor of the defendants, it is therefore ordered and adjudged that the decree first rendered by this court in this case be annulled and set aside. It is further ordered that the injunction sued out by the plaintiff be dissolved and his demand rejected; that there be judgment in favor of the defendant for the amount claimed for taxes, and that the suit be dismissed at plaintiff's costs.

Wyly, J., *dissenting*. No legal right should be divested without due process of law, and no one should be condemned without a hearing.

In the case at bar judgment was rendered for city taxes, and the property of plaintiff, the tutor of the minor, Richard James Downey, has

been seized, and is about to be sold.   Yet the record discloses the fact that said judgment was rendered without citation, actual or constructive.

In the case of the City of New Orleans vs. Heirs of Schmidt, 10 An. 771, it was held, that "by the act of 1852, section thirty-five, relating to the collection of taxes in New Orleans, the publication in a newspaper has the effect of a citation duly served, and it should be subject to the same rules as the citation of which it is the equivalent." Turning to section thirty-five of the act of 1852, I find the following provision: "On the first Monday of July of each year, the treasurer shall put in suit in a court of competent jurisdiction all unpaid bills for taxes, and shall by an advertisement published in the official newspaper of the Council cite all defaulters to appear in fifteen days from the date of the first insertion of said advertisement before the respective courts in which said bills are put in suit, and answer to the demand contained in said tax-bill; no petition shall be necessary, but the tax-bill shall be considered as a petition; and the said advertisement shall be considered as a citation, and no other service of citation shall be necessary; said advertisement shall contain the names of the defaulting taxpayers, the amount claimed from each, and the name of the court in which the bill is filed; each defaulting taxpayer shall pay twenty-five cents for the costs of the citation by advertisement, together with such subsequent cost as may accrue in the suit."

In my opinion citation by publication must conform to the law, "said advertisement shall contain the names of the defaulting taxpayers and the amount claimed from each." And if it is not as required by law, the advertisement is not a citation and the judgment obtained will be an absolute nullity. In the case at bar the name of plaintiff was not contained in the advertisement; it was, therefore, no citation to him, and the judgment sought to be enforced against his property is void.

It is true the name of Richard Murphy, who died in 1867 and bequeathed the property in question to the minor, Richard James Downey, represented by plaintiff, was contained in the advertisement, but he was not a delinquent taxpayer in 1874. The delinquent taxpayer was plaintiff, who for five years had been in possession as owner. Notice to a dead person whose succession had long been closed, and the property transmitted to the universal legatee, was not notice to the heir.

If a suit had been instituted by a person claiming the property, citation addressed to Richard Murphy would not suffice to bring into court his universal legatee. Likewise an advertisement containing the name of Richard Murphy, deceased, will not be a citation to his universal legatee.

The argument in support of the position taken by the majority of the court is an argument of convenience. The assessor may not have

Irwin vs. City of New Orleans and Waggaman.

known in 1872, when he assessed the property, that Richard Murphy died in 1867, bequeathing the property to the minor represented by plaintiff. But for the sake of convenience in assessing property and in advertising notice to delinquent taxpayers, I do not think substantial rights should be destroyed. I do not think that one should be condemned unheard simply because it might be inconvenient to find the name of the true owner of the property when the assessment is made and when the advertisement is published to delinquent taxpayers. The public interest does not require such a sacrifice for fear the revenue officers of the city may be put to some trouble in discharging their duties.

The right of a citizen to be heard before he is condemned I think is paramount to any considerations of the character stated.

I therefore dissent in this case.